Dave **MORGAN**, on behalf of himself and all others similarly situated, Plaintiff,

v.

**COUNTY OF YOLO,** a political subdivision of the State of California; et al., Defendants–Appellees,

Jon P. Webster, Real–party–in–interest–Appellant.

No. 06–16942.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2008.

Filed May 8, 2008.

J. Scott Smith, Esq., Angelo Kilday & Kilduff, Sacramento, CA, for Defendants–Appellees.

Jon P. Webster, Concord, CA, pro se.

Before: SCHROEDER, CLIFTON, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Plaintiff's attorney Jon P. Webster appeals the district court's order sanctioning him pursuant to 28 U.S.C. § 1927. We review a district court's imposition of section 1927 sanctions for abuse of discretion. *Pacific Harbor Capital, Inc. v. Carnival Air Lines,* 210 F.3d 1112, 1117 (9th Cir. 2000). We reverse the sanctions order.

Under section 1927, the district court may sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This court has held that " 'section 1927 sanctions must be supported by a finding of subjective bad faith,' which 'is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claims for the purpose of harassing an opponent.' " *B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *In re Keegan Mgmt. Co., Sec. Lit.,* 78 F.3d 431, 436 (9th Cir.1996)).

In support of sanctions, the district court found that Webster had "refused to dismiss [his client's] action ... despite defense counsel's letter ... requesting such dismissal," and that he "simply had no legally justifiable reason for continuing to maintain this lawsuit once the County unequivocally abandoned any attempt to enforce the Employment Agreement that formed the basis for the present action." *Morgan v. County of Yolo,* Slip Copy, No. 2:03–cv–2228–MCE–JFM, 2006 WL 2692872, at *2 (E.D.Cal. Sep.18, 2006).

The court did not, however, make any finding that Webster had acted in "subjective bad faith" or with a "knowing" or "reckless" state of mind. Although Webster's effort to recover as damages in the section 1983 action the fees and costs incurred by Morgan in defending the state court action failed, and properly so, that result was not so obvious in advance that it can be inferred that Webster knowingly or recklessly pursued a futile claim. Webster appears to have had nothing to gain by advancing frivolous claims, and nothing in the record suggests that he did not sincerely believe he was advancing colorable claims.

**REVERSED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.